UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 12-64-KSF

JOANNA H. HOOD　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　**OPINION & ORDER**

CAROLYN W. COLVIN, Acting Commissioner
of Social Security　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Joanna H. Hood, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability, and disability insurance benefits ("DIB") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

Hood filed her claim for a period of disability and disability insurance benefits on November 6, 2001, alleging an onset date of January 29, 2000 [TR 75-86, 88, 98]. Her claim was denied initially and upon reconsideration [TR 33-34, 42-45, 48-49]. After a hearing before an Administrative Law Judge ("ALJ") on September 14, 2004, the ALJ issued an unfavorable decision on April 18, 2005 [TR 15-24]. Hood subsequently requested review by the Appeals Council. The Appeals Council denied her request for review on March 3, 2006 [TR 5-7].

Hood then filed suit in the Southern District of West Virginia, and the case was remanded to the Commissioner for further proceedings [TR 681-87]. On September 15, 2010, the Appeals

Council issued a remand order and a new hearing was held by an ALJ on October 18, 2011 [TR 1254-1300]. An unfavorable decision was issued by the ALJ on November 23, 2011 [TR 666-79], and the Appeals Council declined to accept jurisdiction on May 8, 2012. Hood then appealed to this Court pursuant to 42 U.S.C. § 405(g).

Based on her earnings, Hood has acquired sufficient quarters of coverage to remain insured through December 31, 2004 [TR 79, 86]. As of the time she applied for DIB, Hood was forty-two years old [TR 75]. She has a high school education and past relevant work experience as a telephone sales person/operator [TR 99]. Hood claims that she became disabled on January 29, 2000 due to various conditions including nerves, irritable bowel syndrome, and back and shoulder problems [TR 75, 98].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

> (5)   Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis at step one by determining that Hood has not engaged in substantial gainful activity during the period from her alleged onset date of January 29, 2000 through her date last insured of December 31, 2004 [TR 671]. At step two, the ALJ found that Hood suffers from the following severe impairments: irritable bowel syndrome and substance abuse disorder [TR 671]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 674].

Next, the ALJ determined Hood's residual functional capacity ("RFC"). An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ described Hood's RFC as follows: Hood has the ability "to

perform a limited range of medium work as defined in 20 C.F.R. § 404.1567(c) except she can stand and walk six hours in an eight hour day for no more than one hour at a time; sit for six hours in an eight hour day for no more than two hours at a time, occasionally climb, stoop, kneel, crouch or crawl; frequently balance and she should avoid work in a high stress environment" [TR 675].

At the fourth step, the ALJ found that Hood was able to perform her past relevant work as a cashier/teller [TR 677]. Additionally, the ALJ also solicited the testimony of a vocational expert, who testified that someone with Hood's RFC could perform other jobs that existed in the national economy prior to December 31, 2004 [TR 678, 1290-96]. Because Hood could perform her past relevant work, along with other work, the ALJ found Hood not disabled [TR 678-79].

## II.     GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court

must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To be eligible for DIB, Hood must prove she became disabled prior to the expiration of her disability insured status on December 31, 2004. *See* 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101, 404.131, 404.315(a); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). A showing that an impairment became disabling after the expiration of her insured status is insufficient to establish eligibility for DIB. *King v. Secretary of Health and Human Services*, 896 F.2d 204, 205-06 (6th Cir. 1990). In this case, the relevant time period of adjudication is from January 29, 2000 (her alleged onset date) to December 31, 2004 (her date last insured).

### III.  ANALYSIS

Hood generally argues that the ALJ's determination that she is not disabled is not supported by substantial evidence. However, her memorandum in support of her motion for summary judgment is poorly organized and confusing. She attempts to incorporate by reference all arguments previously made in prior court filings in the Southern District of West Virginia District Court before the issuance of the ALJ decision currently before this Court. Additionally, her memorandum fails to comply with this Court's January 28, 2013 Order requiring a numbered list of issues presented [DE #11].

Notably, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(quoting *Citizens Awareness Network, Inc. v. United*

*States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)). In *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 490-491 (6th Cir.2006), a claimant similarly contended that the Commissioner's decision to discontinue her benefits was not supported by substantial evidence, yet made little effort to develop this argument in her brief or to identify any specific aspects of the Commissioner's determination that lacked support in the record. In these circumstances, the Sixth Circuit noted that it

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her] brief on appeal.

*Id*. at 491. In *Hollon*, the court also refused to consider the claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir.1993)(noting that "it is not our function to craft an appellant's arguments").

Despite her failure to clearly set out her arguments, the Court assumes that Hood is asserting three general errors. First, Hood appears to challenge the weight the ALJ afforded the opinion of gastroenterologist Lisbeth Ann Selby, M.D., and contends that the ALJ misinterpreted Dr. Selby's assessment that she could work. In her report dated April 29, 2011, Dr. Selby stated that she reviewed treatment notes from Hood's other doctors and opined that the findings were consistent

6

with a diagnosis of irritable bowel syndrome and that functional bowel disorders are not necessarily associated with an inability to work [TR 1250]. Although Hood seems to argue that Dr. Selby's opinion should be afforded great weight as a treating physician, Hood has failed to point to any evidence in the record that Dr. Selby ever examined her or otherwise qualifies as an examining physician. *See* 20 C.F.R. § 404.1527(c)(1). As a result, any weight afforded Dr. Selby's opinion must be based on the "degree to which they provide supporting explanations for their opinions. . . ." 20 C.F.R. § 404/.1527(c)(3).

In this case, Dr. Selby did not specifically refer to any clinical or laboratory findings to support her assessments, nor did she provide any opinion as to the nature and extent of Hood's impairments or any specifics regarding her functional capacity and any exertional or nonexertional limitations [TR 1250]. She simply opined that Hood had findings consistent with a functional bowel disorder such as irritable bowel disorder, which does not necessarily preclude the ability to work.

The ALJ discussed Dr. Selby's opinion in conjunction with his analysis at step two that Hood had the severe impairment of irritable bowel syndrome. Specifically, the ALJ stated that Dr. Selby "indicates the claimant's complaints are consistent with a functional bowel disorder, such as irritable bowel disorder, but that even with objective documentation, it would not necessarily preclude the ability to work" [TR676]. Contrary to Hood's argument, the ALJ accurately stated Dr. Selby's assessment.

Dr. Selby's opinion was consistent with the opinion of Dr. Henry Maimon, also a gastroenterologist [TR 671, 676, 1244-49]. Dr. Maimon reviewed Hood's records in August 2011 and opined that Hood was limited in her ability to sit for more than two hours at a time; could sit for about six hours in an eight-hour workday; could balance frequently; climb, stoop, crouch, kneel and

crawl occasionally; and should avoid chemicals, dust and fumes [TR 1247-48]. While Hood argues that Dr. Maimon failed to consider photographs that Hood took of her abdominal distention, Dr. Maimon did consider Hood's complaints of abdominal distention that were noted by other physicians in the record.

Next, Hood appears to argue that the ALJ denied her claim based on his determination that she had a substance abuse disorder. At step two of his analysis, the ALJ did find that Hood has a severe polysubstance abuse disorder, but no severe impairment due to her nerves. However, the ALJ did not include any limitations resulting from her alleged substance abuse in her RFC or in the hypothetical presented to the vocational expert. On the other hand, the ALJ did consider medical evidence relating to her anxiety when determining her RFC. Thus, her argument that the ALJ denied her claim based on a finding of substance abuse disorder is without merit.

Finally, Hood contends that the ALJ failed to properly consider statements from third parties regarding her impairments and limitations, including statements from her mother, father, friend and supervisor. However, the ALJ fully explained his reasons for not affording significant weight to these opinions. While the regulations allow an ALJ to consider evidence from other non-medical sources, such as parents, caregivers, and friends, the ALJ must also consider "such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." Social Security Ruling 06-03p. Here, the ALJ noted that the statements from Hood's parents would tend to be biased and could not be considered as evidence from disinterested parties [TR 676]. Additionally, the ALJ properly determined that these statements could not be given significant weight because they were not consistent with the preponderance of the evidence and observations of medical doctors [TR 676].

8

There is simply no support for Hood's argument that the ALJ failed to properly consider these statements.

In conclusion, substantial evidence supports the ALJ's finding that Hood can perform her past relevant work or other work that exists in the national economy prior to her date last insured. Accordingly, Hood's motion for summary judgment will be denied.

### IV.  CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)  the plaintiff's motion for summary judgment [DE #16] is **DENIED**;

(2)  the defendant's motion for summary judgment [DE #17] is **GRANTED**;

(3)  the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4)  a judgment consistent with this Opinion & Order will be entered contemporaneously.

This September 11, 2013.



Signed By:
*Karl S. Forester*   KSF
United States Senior Judge